IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>v.<br>BRETT MICHAEL DOBBERKE,<br>　　Defendant. | No. 4:22-cr-00001-RGE-HCA<br><br>ORDER DETAINING DEFENDANT PENDING TRIAL |

**I.　INTRODUCTION**

Now before the Court is the United States of America's appeal of a United States Magistrate Judge's Order Setting Conditions of Release as to Defendant Brett Michael Bobberke. ECF No. 26. Bobberke did not file a response. For the reasons set forth below, the Court orders Dobberke detained pending trial.

**II.　BACKGROUND**

On December 23, 2021, the Government filed a criminal complaint against Dobberke asserting Dobberke violated 18 U.S.C. § 924(c), possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime; and 21 U.S.C. § 841(a)(1), (b)(1)(D), possessing with intent to distribute a controlled substance. Crim. Compl. 1, ECF No. 1. An arrest warrant was issued for Dobberke. ECF No. 2. On December 27, 2021, Dobberke was arrested and appeared in this Court for an initial appearance. Initial Appearance Hr'g Mins., ECF No. 6. Later, a grand jury returned an indictment alleging Dobberke committed three crimes: Count 1) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); Count 2) attempted distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846; and Count 3) possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii). Sealed Indictment 1–2, ECF No. 14. The Indictment also included a Notice of Forfeiture. *Id.* at 3. Dobberke appeared for

an arraignment and detention hearing. Arraignment Hr'g Mins., ECF No. 18; Det. Hr'g Mins., ECF No. 20. A magistrate judge presided over the detention hearing, denying the Government's motion for detention and setting conditions of release. ECF No. 20; Order Setting Conditions Release, ECF Nos. 21–22. The Government moved for stay pending appeal of the Order of Release. *See* ECF No. 20. The magistrate judge granted a temporary stay pending a ruling on the instant appeal. ECF No. 23.

### III. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), the Government may seek review in the district court of a magistrate judge's order releasing the defendant pending trial. The Court conducts a de novo review of the magistrate judge's order. *United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). The Court makes the same inquiries as the magistrate judge regarding the defendant's risk of flight and danger to the community. *Id.* at 1482.

### IV. DISCUSSION

"[E]ither danger to the community or risk of flight is sufficient to authorize [pre-trial] detention." *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). The government generally bears the burden of "show[ing] by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (second omission in original) (quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)); *accord* 18 U.S.C. § 3142(c), (e)–(f). Factors the Court must consider include: 1) the nature and circumstances of the crime (including whether a minor victim is involved); 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant (including past conduct and whether the defendant was on probation or parole at the time of the current offense or arrest); and 4) the seriousness of the danger to the community. 18 U.S.C. § 3142(g).

When a defendant is charged with an offense under 18 U.S.C. § 924(c)—as is the case here—and the Court finds probable cause the defendant committed the crime, there is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e)(3)(B). When a rebuttable presumption applies, "a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *Mercedes*, 254 F.3d at 436). Factors the Court must consider include: 1) the nature and circumstances of the crime (including whether the crime involved a minor victim); 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant (including mental conditions and past conduct); and 4) the seriousness of the danger to the community. 18 U.S.C. § 3142(g).

As an initial matter, the Court concludes there is probable cause that Dobberke committed the crimes of possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime. Thus, a rebuttable presumption of detention applies. *See id.* § 3142(e)(3)(B).

Dobberke called no witnesses at the detention hearing. *See* ECF No. 20. Defense counsel proffered conclusory statements that Dobberke "is willing and able to be compliant with any level of supervision." Det. Hr'g Tr. 14:2–7, ECF No. 28. Furthermore, Dobberke did not respond to the Government's appeal. Dobberke has failed to meet the limited burden of production. *See Abad*, 350 F.3d at 797 ("[A] defendant bears a limited burden of production—not a burden of persuasion . . . .").

Even if defense counsel's proffer satisfied Dobberke's limited burden of production, considering the factors set forth in § 3142(g), the Court finds by clear and convincing

evidence that no condition or combination of conditions will reasonably assure the safety of the community if Dobberke is released. This is a very serious offense involving drugs and guns, deemed sufficiently dangerous by Congress to warrant a presumption against release. *See* 18 U.S.C. § 3142(e)(3)(B). The weight of the Government's evidence appears quite strong and favors detention. In fact, Dobberke appears to agree the community's safety is a concern. ECF No. 28 at 16:17–20 (at the detention hearing, counsel "proposes an even more restrictive residential arrangement which may be appropriate to address also assessment of danger towards him and towards the community if that is an obvious concern here").

Dobberke's recent behavior also supports detention. The record indicates Dobberke carried a firearm "into the Des Moines Police Department on December 23 when he went down there to provide some information" to law enforcement about the incident at issue here. Det. Hr'g Tr. 18:20–23, ECF No. 28. This behavior draws into question Dobberke's willingness or ability to make responsible and prudent decisions.

Finally, the Court determines Dobberke's release would pose a serious danger to members of the community. The evidence admitted at the detention hearing supports the conclusion that Dobberke shot a firearm from a vehicle in a residential neighborhood, killing a teenager. Compl. ¶ 5, ECF No. 1; *see also* ECF No. 28 at 7:3–10 (noting complaint admitted and received as Government's Exhibit 1 at the detention hearing).

## V. CONCLUSION

Having reviewed the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community if Dobberke is released pending trial. As such, Dobberke shall be detained pending trial.

**IT IS ORDERED** that the Government's appeal of the Order Setting Conditions of

Release, ECF No. 18, is **GRANTED**.

    **IT IS SO ORDERED.**

Dated this 4th day of February, 2022.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE